UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELISA-MARIE HUGHES,
    Plaintiff,

v.

TARGET BRANDS, INC.,
    Defendants.

No. 3:17-cv-00270 (VAB)

**RULING AND ORDER**

    Elisa-Marie Hughes ("Plaintiff") filed this lawsuit in the Superior Court of Connecticut for the Judicial District of Ansonia and Milford, alleging injuries from a visit to a Target store in Orange, Connecticut. Target Corporation ("Defendant"), citing this Court's diversity jurisdiction, removed the case to federal court. Defendant now moves for leave to file a Third-Party Complaint and an extension of time to complete discovery as a result.

    For the reasons stated below, both motions are **GRANTED**.

**I.    FACTUAL AND PROCEDURAL HISTORY**

    Plaintiff is a Connecticut citizen. Notice of Removal ¶ 2, ECF No. 1. Defendant, Target Corporation, is a Minnesota Corporation with its principal place of business in Minneapolis. *Id.* Plaintiff filed the initial Complaint in this matter in Superior Court on January 16, 2017. *See generally* Comp., Notice of Removal, Ex. A, ECF No. 1.

    Plaintiff alleges that, on the evening of February 26, 2015, she slipped and fell "due to an excessively slippery condition" on the floor of Defendant's store in Orange, Connecticut. Compl. ¶ 7. As a result, she allegedly suffered "sustained and painful injuries" to her neck, wrist, and right ankle, and continues to suffer from migraine headaches and pain "necessitating injections."

1

*Id.* ¶ 12. She also alleges that the fall was due to Defendant's negligence in maintaining the floors of its store, and in failing to warn her about a potentially dangerous condition. *Id.* ¶ 10.

On February 16, 2017, Defendant removed the case to this Court, citing 28 U.S.C. § 1332. Notice of Removal ¶ 5. On September 5, 2017, Defendant filed its Answer and raised affirmative defenses, including that any harm to Plaintiff was "caused by the intervening and superseding acts or omissions of parties other than the defendant . . . ." *Id.* at 6.

Defendant now moves for leave to file a Third-Party Complaint against Diversey Inc. under Federal Rule of Civil Procedure 14(a). *See* Def. Mot, ECF No. 23.[1] Defendant alleges that Diversey is not a party to this action, but may be liable because Defendant had contracted with Diversey to "provide goods and services including the supplying of wax chemicals for floor maintenance." Def Mem. at 2. It also argues that, under the terms of the contract, Diversey is obligated to defend and indemnify Target. *Id.* at 5-6. Defendant Target attached the proposed Third-Party Complaint to its motion, and Plaintiff has not opposed the request.

In order to facilitate discovery related to the putative third party, Defendant seeks an extension of time. *See* Def. Mot. for Extension of Time, ECF No. 26. Defendant wishes to extend all deadlines by six months, and Plaintiff consents to the request. *Id.*

## II. STANDARD OF REVIEW

Rule 14(a)(1) states that a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." The "traditional grounds for a

---

[1] Defendant seek leave to file the Third-Party Complaint because this filing is outside the fourteen-day period provided under Rule 14(a)(1) of the Federal Rules of Civil Procedure.

third-party action are indemnification, contribution, or subrogation." *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (citing *Int'l Paving Sys. Inc. v. Van–Tulco, Inc.*, 866 F.Supp. 682, 687 (E.D.N.Y.1994); *Telecom Intern. America, Ltd. v. AT & T Corp.*, No. 96–CV–1366, 1999 WL 777954, at *4 (S.D.N.Y. Sept. 30, 1999)). The threshold issue is whether the outcome of the third-party claim is contingent on the outcome of the main claim. *Id.*

In deciding whether leave should be granted, courts will consider factors including: "(a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted." *Id.* (quoting *Capitol Records, Inc. v. City Hall Records, Inc.*, No. 07–CV–6488, 2008 WL 2811481, at *3 (S.D.N.Y. July 18, 2008). The decision to grant leave is within the court's discretion. *Suckan v. Metro-N. R. Co.*, No. 3:11-cv-1070 CSH, 2011 WL 4841018, at *1 (D. Conn. Oct. 12, 2011).

### III.   DISCUSSION

Defendant moves for leave to file a Third-Party Complaint against Diversey, because this company allegedly is responsible for the cleaning of floors and the training of staff at this Target store. Under the terms of the contract between Defendant and Diversey, Diversey allegedly agreed to defend and indemnify Target against lawsuits, such as the one brought by Ms. Hughes here. Plaintiff has not opposed the motion.[2] Defendant also moves for an extension of time in

---

[2] Under this Rule 7(a)(2) of this Court's Local Rules of Civil Procedure, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."

3

order to complete discovery related to the Third-Party Complaint. The Court agrees that leave should be granted to permit the filing of this pleading and that discovery should be extended as a result.

### A. Motion for Leave to File Third Party Complaint

Target argues leave is appropriate here because "Target entered into a written contract with Diversey in which Diversey agreed, among other things, to provide goods and services including the supplying of wax chemicals for floor maintenance as well as program support." Def, Mem. at 4. Under the terms of the contract, Diversey "agreed to defend, indemnify and hold Target harmless from and against any liabilities, losses, claims, suits, damages, costs and expenses . . . arising out of or otherwise relating to the subject matter of the contract . . . ." *Id*. at 5. *See generally* Supplier Qualification Agreement, ECF No. 23-3 (detailing contractual relationship between Target and third party defendant). The Court agrees.

In deciding whether to grant leave to file a third-party complaint, "[t]he key inquiry is whether the outcome of the third-party claim is contingent on the outcome of the main claim." *iBasis Glob., Inc* at 74. The "traditional grounds for a third-party action are indemnification, contribution, or subrogation." *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (citing *Int'l Paving Sys. Inc. v. Van–Tulco, Inc.*, 866 F.Supp. 682, 687 (E.D.N.Y.1994); *Telecom Intern. America, Ltd. v. AT & T Corp.*, No. 96–CV–1366, 1999 WL 777954, at *4 (S.D.N.Y. Sept. 30, 1999)). *see also Suckan*, 2011 WL 4841018, at *2 ("Because defendant clearly seeks to implead Landmark on the basis of an indemnification agreement, I find defendant's request to file a third-party complaint against Landmark proper under Rule 14(a)(1).").

4

Because Defendant seeks indemnification from Diversey for the claims brought against it by Ms. Hughes, leave to file this third-party claim should be granted. Indeed, the Court has not identified any reasons why it should not grant leave to Defendant. *See Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009) (noting courts consider "a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted.").

Each of these considerations weighs in favor of granting leave here. Defendant has not delayed in filing this motion, and no trial is scheduled in this matter. While there will be some delay in discovery, Plaintiff is unlikely to be prejudiced and has not opposed the motion. *See* D. Conn. L. Civ. R. 7(a)(2). Finally, the Third-Party Complaint states what appears to be, at this preliminary stage, a viable claim for identification and defense based on the terms of the contract. *See* Def. Third-Party Compl., ECF No. 23-2 (noting third party "provided goods and services were dangerous and defective in that they caused the floors of the subject store to appear clean and dry but slippery" and that the contract had identify and defense provisions that provided "a duty to indemnify Target from and against the personal injury action brought against it by the plaintiff, Elisa Marie Hughes in that her alleged injuries arose out of the subject matter of that agreement").

The Court therefore grants leave for Defendant to file the Third-Party Complaint

### B.  Motion for Extension of Time

Defendant also moves for a six-month extension for the completion of discovery Def. J. Mot. for Extension of Time, ECF No. 26. Plaintiff consents to the extension. *Id.* Defendant seeks

the extension to provide an opportunity to conduct discovery related to the Third Party Complaint. *Id.* at 2.

Because the scope of this litigation has changed with the granting of leave to file the Third-Party Complaint, the Court finds that good cause exists for the extending the deadlines in this case. *Cf.* Jean-Marie v. Wheels Inc., No. 91 CIV. 7766 (VLB), 1992 WL 358794, at *2 (S.D.N.Y. Nov. 20, 1992) (noting discovery deadline could be extending if good cause was shown following filing of third-party-complaint). As a result, the Court grants the motion and adopts the following deadlines for this case:

- Completion of Discovery due by November 26, 2018.
- Post-Discovery Telephonic Status Conference to be held on November 29, 2018 at 11:00 a.m. (Once all counsel are on the line, please call Chambers at (203) 579-5562.)
- Dispositive Motions due by February 8, 2019.
- Joint Trial Memorandum due by March 8, 2019, or thirty (30) days after the Court's ruling on dispositive motions.
- Trial Ready April 8, 2019, or 30 days following the filing of the Joint Trial Memorandum.

**IV.     CONCLUSION**

Defendant's motion for leave to file a Third-Party Complaint, ECF No. 23, is **GRANTED.** Defendant shall file the Third-Party Complaint on the docket by June 20, 2018.

The motion for an extension of time, ECF No. 26 is **GRANTED**. The Court adopts the scheduled stated above for the remaining deadlines in this case. The telephonic status conference, originally scheduled for June 7, 2018, will be held on November 29, 2018.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of June, 2018.

                                                          /s/ Victor A. Bolden
                                                         Victor A. Bolden
                                                         United States District Judge